UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GIANNI INVESTMENTS LLC | * CIVIL ACTION NO. |
| **Plaintiff** | * |
| | * SECTION |
| VERSUS | * |
| | * JUDGE |
| SAFEPOINT INSURANCE COMPANY | * |
| **Defendant** | * MAGISTRATE JUDGE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Safepoint Insurance Company ("Safepoint" or "Defendant"), without waiving any of its defenses or objections, who respectfully submits this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in the Civil District Court for the Parish of Orleans, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

1.

Gianni Investments LLC ("Plaintiff") filed a lawsuit on August 25, 2023, styled *"Gianni Investments LLC v. Safepoint Insurance Company"*, No. 2023-09352 of Div. "J-15" on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, "State Court Action") against Safepoint Insurance Company. The suit arises out of alleged damages to Plaintiff's property as a result of Hurricane Ida.[1]

---

[1] Exhibit 1A, Copy of State Court Record.

2

Plaintiff alleges that its property located 7601 Devine Avenue, New Orleans, Louisiana, sustained damages as a result of Hurricane Ida. Plaintiff alleges that its insurer, Defendant, tendered insufficient funds to Plaintiff after receiving satisfactory proof of loss.[2] Plaintiff seeks various damages based on the alleged loss occurring in Orleans Parish.[3]

**I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §1332.**

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

**A.  Plaintiff is a citizen of Louisiana.**

3.

Plaintiff, Gianni Investments LLC, is a Louisiana limited liability company whose sole member, Jean Celestin, is a domiciliary of the state of Louisiana. Therefore, Gianni Investments is domiciled in the state of Louisiana.[4]

**B. The Defendant is diverse from the Plaintiff.**

4.

At the time the State Court Action was commenced, Safepoint was and still is a foreign insurance corporation that was incorporated and is currently domiciled in the state of Florida.[5] Therefore, Defendant is diverse from Plaintiff.

---

[2] *Id.*; *see also* Exhibit 1B, Louisiana Secretary of State website screenshot.
[3] *Id.*
[4] *Id.*
[5] Exhibit 2, Florida Secretary of State Filing.

5.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiff does not share citizenship with the Defendant.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

6.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[6]

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[7]

7.

In accordance with the Louisiana Code of Civil Procedure art. 893, Plaintiff's Petition for Damages did not specify the numerical value of Plaintiff's claimed damages. For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs. A court's determination of whether the amount in controversy requirement is facially apparent from a petition should focus on the categories or alleged injuries and damages as well as the tortious nature of the Plaintiff's claim.[8]

---

[6] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).
[7] *De Aguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993).
[8] *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

Further, Defendant may produce summary-judgment-type evidence relevant to the amount in controversy, which establishes the amount by a preponderance of the evidence. Accordingly, Safepoint presents the following facts and evidence which establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold of $75,000:

8.

Plaintiff's Petition for Damages alleges, "[o]n or about July 5, 2023, undersigned counsel, on behalf of the Petitioner, sent Defendant a demand letter requesting an unconditional tender of $93,407.79 for damages to the Property from Hurricane Ida, and enclosed an itemized repair estimate."[9] Plaintiff further alleges that "despite being provided with satisfactory proof of loss, Defendant has failed to timely and adequately tender payment to Petitioner on the Claim."[10] Safepoint has tendered undisputed payment to Plaintiff in the amount of $11,467.03.[11] Therefore, the total contractual damages in dispute is $87,748.36, which reflects the difference between the financial loss allegedly sustained by Plaintiff and the prior payments made by Safepoint.

9.

Plaintiff seeks to recover the following damages: (1) diminution of the value of the property; (2) repair costs; (3) loss of fair rental value; (4) reimbursement for repairs made by Plaintiff; (5) cost for content manipulation to repair the property; (6) repair and remediation expenses; (7) statutory penalties, damage, attorneys' fees and costs per La. C.C. art. 1997; (8) statutory penalties, damages attorneys' fees, and costs per La. R.S. 22:1892; (9) statutory penalties, damages, attorneys' fees, and costs per La. R.S. 22:1973; (10) statutory penalties, damages, attorneys' fees, and costs per La. R.S. 22:1895; (11) pecuniary and non-pecuniary damages; (12)

---

[9] Exhibit 1 at ¶ 12; *see also* Exhibit 3A, Settlement Demand dated July 5, 2023; Exhibit 3B, Coast-to-Coast Estimate.
[10] *Id.* at ¶ 15.
[11] Exhibit 4, Angela M. Bautista Affidavit.

penalties, damages, and attorneys' fees; (13) other professional fees and costs of litigation; (14) costs of these proceedings; (15) costs of estimates, estimators, adjusters, professions, and/or experts; and (16) other damages that may be shown at trial.[12]

10.

La. R.S. 22:1892 allows for "a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorneys' fees and costs." La. R.S. 22:1892(B)(1)(2021). Applying this calculation to the facts of the subject matter, as alleged by Plaintiff, Plaintiff seeks a 50% penalty of $43,874.18 in addition to the $87,748.36, in alleged contractual damages as calculated in Paragraph 8 above, the sum of which exceeds the jurisdictional threshold.

11.

Although Plaintiff's claims for contractual damages and penalties under La. R.S. 22:1893 establishes that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, in an abundance of caution, Defendant notes that Plaintiff also seeks damages under La. R.S. 22:1973. La. R.S. 1973 allows for the following penalties: "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C) (2021). Again, applying the penalty calculation proscribed by La. R.S. 22:1973 to the facts alleged by Plaintiff,

---

[12] *Id.* at ¶ 39.

4991276 v1

as set forth in its Petition for Damages, Plaintiff seeks a $175,496.72 penalty against Safepoint in addition to the contractual damages, attorney's fees, costs, and interest sought. This penalty alone exceeds the $75,000.00 jurisdictional threshold for removal.

12.

Based on the allegations and numerous damages sought in Plaintiff's Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. §1332(a).

**II. The Procedural Requirements for Removal are Satisfied.**

13.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Orleans Parish, Louisiana – where the state court action is pending. *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

14.

This removal has been timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days Defendant's receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."

15.

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition for Damages and all pleadings filed in Suit No. 2023-09352, Division "J-15" in the Civil District Court for the Parish of Orleans and served upon Defendant to date, including Plaintiff's Petition for Damages.

16.

Written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

**WHEREFORE,** Defendant, Safepoint Insurance Company, hereby gives notice that the proceeding bearing number 2023-09352, Div. "J-15" in the Civil District Court for the Parish of Orleans, State of Louisiana, is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Court Action, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

/s/ A. Bautista

**NICHOLAS P. ARNOLD, T.A. - #31602**
narnold@bluewilliams.com
**ANGELA M. BAUTISTA - #39117**
abautista@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3047
**Attorneys for Defendant, Safepoint Insurance Company**

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 6th day of November, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to the following via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first.

Victor M. Dantin
Broussard & Dove
vic@broussarddovelaw.com