FILED
2023 AUG 25 AM 9:42
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CIVIL DOCKET NO. 2023-9352                    DIVISION: "J-15"

IN RE: HURRICANE IDA CLAIMS

GIANNI INVESTMENTS, LLC

VERSUS

SAFEPOINT INSURANCE COMPANY

FILED: _____            _____
                                                DEPUTY CLERK

---

PETITION FOR DAMAGES

---

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes Petitioner, **GIANNI INVESTMENTS, LLC**, (hereinafter "*Petitioner*") a Louisiana limited liability company, domiciled and with its principal place of business located in the Parish of Orleans, State of Louisiana, who respectfully represents:

**I.   DEFENDANT**

1.

Made Defendant herein is **SAFEPOINT INSURANCE COMPANY**, a foreign insurance company licensed to and doing business in the Parish of Orleans, State of Louisiana, with a principal place of business address of 12640 Telecom Drive, Temple Terrace, FL, 335637 ("*Defendant*").

**II.   JURISDICTION AND VENUE**

2.

Jurisdiction is proper in this Honorable Court as this Court maintains subject matter jurisdiction over the dispute based on the object of demand and the amount in controversy.

3.

Venue is proper in this Parish pursuant to La C.C.P. arts. 74 and 76.1. The wrongful conduct that forms the basis of this pleading occurred in this Parish; the damages to Petitioner

1

were sustained in this Parish; the contracts between Petitioner and Defendant that form the basis of this pleading were executed in this Parish; and the work or service performed from the contracts was in this Parish.

### III. BACKGROUND AND FACTS

4.

Pertinent to this lawsuit, Petitioner owns the immovable property with improvements bearing municipal address 7601 Devine Avenue, New Orleans, Louisiana 70127 (the "*Property*").

5.

At all pertinent times herein, Defendant issued a policy of homeowners insurance to Petitioner for the Property under **Policy No. SLAD2015181-04** covering Petitioner for damages to Petitioner's dwelling, other structures, and contents located on the Property and loss of fair rental value incurred by Petitioner resulting from perils, including hurricanes.

6.

On or about **August 29, 2021**, Hurricane Ida made landfall in Southeast Louisiana causing damage to the dwelling, other structures, and personal property located on the Property and loss of fair rental value for Petitioner.

7.

Petitioner reported the loss to Defendant who assigned Petitioner **Claim No. 57930** (the "*Claim*").

8.

Petitioner took steps to mitigate his damages to best of Petitioner's ability and eventually provided Defendant with satisfactory proof of loss including, but not limited to: (a) itemized repair estimates for damages the dwelling and other structures; (b) itemized list of damaged contents; and (c) proof of loss of fair rental value incurred by Petitioner.

9.

At some point, Defendant inspected the Property and documented the damages sustained as a result of Hurricane Ida (the "*Inspection*").

10.

The Inspection constituted satisfactory proof of loss as required per La. R.S. § 22:1892

and 1973.

11.

By filing the Claim and providing Defendant with damage information and access to the Property, satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973 was accomplished.

12.

On or about **July 5, 2023**, undersigned counsel, on behalf of Petitioner, sent Defendant a demand letter requesting an unconditional tender of $99,298.04 for damages to the Property from Hurricane Ida, and enclosed an itemized repair estimate (the "*Demand*").

13.

By filing the Claim, allowing Defendant to inspect the Property, sending damage information, and sending the Demand with enclosures, Petitioner has further submitted satisfactory proof of loss to Defendant as required per La. R.S. § 22:1892 and 1973.

14.

Due to Defendant's refusal to pay the amount owed to Petitioner on the Claim, Petitioner was forced to utilize funds from other sources to repair as much damage to the Property as feasible and expend an enormous amount of time, money and energy attempting to get Defendant to pay the full value of the Claim.

15.

To date, despite being provided with satisfactory proof of loss, Defendant has failed to timely and adequately tender payment to Petitioner on the Claim.

16

The failure of Defendant to adequately pay the Claim despite satisfactory proof of loss and the time and manner which the Claim was processed was all arbitrary, capricious, and/or without probable cause, thereby rendering Defendant liable in bad faith in violation of Louisiana law as set forth below.

**IV.  CAUSES OF ACTION**

**A.  Breach of Insurance Contract**

17.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

3

18.

The Policy is a valid, binding legal insurance contract between Petitioner and Defendant.

19.

The Policy provides coverage to Petitioner for the damages to the dwelling, other structures, personal property, and loss of fair rental value as a result of Hurricane Ida.

20.

Defendant has breached the insurance contract in the following ways:

a) Failing to timely and adequately initiate Petitioner's losses per the Claim;

b) Failing to timely and adequately calculate Petitioner's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the dwelling located on the Property;

d) Failing to timely and adequately tender proceeds to cover damages sustained to the other structures located on the Property;

e) Failing to timely and adequately tender proceeds to cover damages sustained to the personal property located on the Property;

f) Failing to timely and adequately tender proceeds to cover the loss of fair rental value incurred by Petitioner;

g) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

h) Failing to timely and adequately tender undisputed proceeds after receiving the satisfactory proof of loss;

i) Failing to make a written offer to settle the Claim within the time constraints allowed under Louisiana law;

j) Purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Petitioner during the Claims process; and

m) Other ways which will be shown at trial.

21.

Defendant's breach of the insurance contract was in bad faith.

22.

Petitioner has fully and satisfactorily performed all of his obligations pursuant to the insurance contract, yet Defendant has failed to perform.

23.

As a result of Defendant's breach, Petitioner has been damaged as set forth below and continues to incur damages daily.

**B.    Violation of La. R.S. § 22:1892**

24.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

25.

Pursuant to La. R.S. § 22:1892, Defendant was required to: (a) pay the Claim and make a written offer to settle the Claim within thirty (30) days after receipt of satisfactory proof of loss and (b) initiate loss adjustments within sixty (60) days after notification of loss by Petitioner.

26.

The Inspection constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892 to pay the Claim and make a written offer to settle the Claim.

27.

When Petitioner provided Defendant damage information, or, at the latest, when the Demand was provided to Defendant satisfactory proof of loss was accomplished which triggered the statutory deadlines per La. R.S. § 22:1892.

28.

To date, Defendant has failed to make a written offer to settle the Claim and initiate loss adjustments within the statutory deadlines per La. R.S. § 22:1892.

29.

Defendant's violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

30.

For Defendant's violations of La. R.S. § 22:1892 as set forth above, Petitioner is entitled to recover, in addition to the amount of the Claim, statutory penalties of fifty percent of the amount found to be due from Defendant to Petitioner, or one thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**C.     Violation of La. R.S. § 22:1973**

31.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

32.

Pursuant to La. R.S. § 22:1973, Defendant owed Petitioner a duty of good faith and fair dealing and to adjust the Claim fairly and promptly.

33.

Defendant violated these duties as follows:

a) Failing to timely and adequately initiate Petitioner's losses per the Claim;

b) Failing to timely and adequately calculate Petitioner's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the dwelling located on the Property;

d) Failing to timely and adequately tender proceeds to cover damages sustained to the other structures located on the Property;

e) Failing to timely and adequately tender proceeds to cover damages sustained to the personal property located on the Property;

f) Failing to timely and adequately tender proceeds to cover the loss of fair rental value incurred by Petitioner;

g) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

h) Failing to timely and adequately tender undisputed proceeds after receiving the satisfactory proof of loss;

i) Failing to make a written offer to settle the Claim within the time constraints allowed under Louisiana law;

j) Purposely and/or negligently misrepresenting to Petitioner the terms and conditions

6

of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Petitioner during the Claims process; and

m) Other ways which will be shown at trial.

34.

Defendant's violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

35.

For Defendant's violations of La. R.S. § 22:1973, as set forth above, Petitioner is entitled to recover, in addition to the amount of the Claim, an amount equal to two times the damages sustained by Petitioner, as set forth below, or five thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**D.    Negligent Claims Adjusting**

36.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

37.

For all of the above actions and inactions of Defendant as set forth above, Defendant is liable to Petitioner under the legal theory of negligent claims adjusting entitling Petitioner to the damages set forth below.

**V.    DAMAGES**

38.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

39.

As a direct result of Defendant's actions, inactions, and omissions described above and which will be proven at trial, Petitioner is entitled to recover the following from Defendant:

a) Diminution of the value of the Property;

b) Costs to adequately repair damages to the dwelling, other structures, and contents located on the Property;

7

c) Loss of fair rental value;

d) Reimbursement for repairs Petitioner made to the Property;

e) Costs for content manipulation to repair the Property;

f) Inconvenience;

g) Mental anguish;

h) Repair and remediation expenses;

i) Loss of use of enjoyment of the Property;

j) Loss of investment value of funds used to offset Defendant's failure to pay, including lost interest;

k) Statutory penalties, damages, attorneys' fees, and costs per La. C.C. art. 1997;

l) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1892;

m) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1973;

n) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1895;

o) Pecuniary and non-pecuniary damages;

p) Penalties, damages, and attorneys' fees;

q) Other professional fees and costs of litigation;

r) Costs of these proceedings;

s) Costs of estimates, estimators, adjusters, professions, and/or experts; and

t) Other damages as will be shown at trial

(collectively, the "*Damages*").

## VI.   **JURY DEMAND**

40.

Petitioner demands a trial by jury on all issues.

**WHEREFORE**, Petitioner, **GIANNI INVESTMENTS, LLC**, prays Defendant, **SAFEPOINT INSURANCE COMPANY**, be served with a copy of this Petition for Damages and be duly cited to appear and answer the same, and that after due proceedings are had there be judgment in favor of Petitioner, **GIANNI INVESTMENTS, LLC**, and against Defendant,

**SAFEPOINT INSURANCE COMPANY**, in a principal sum to adequately compensate Petitioner for the Damages set forth herein, with legal interest thereon from the date of judicial demand until paid in full, attorneys' fees, expenses, all costs of these proceedings, and for all other general and equitable relief this Honorable Court deems lawful, proper, and just.

                                  Respectfully submitted,

                                  _____
                                  **SYE J. BROUSSARD (Bar #33035), T.A.**
                                  **JACKIE DOVE BROUSSARD (Bar #33539)**
                                  **VICTOR M. DANTIN (Bar #35462)**
                                  BROUSSARD & DOVE, APLC
                                  7605 Park Avenue | Houma, Louisiana 70364
                                  T: 985.868.4800 | F: 985.868.4899
                                  E: Sye@BroussardDoveLaw.com
                                         Jackie@BroussardDoveLaw.com
                                         Vic@BroussardDoveLaw.com
                                  ***Email for Service of Process:***
                                  ***ServiceofProcess@BroussardDoveLaw.com***
                                  *Attorneys for Petitioner*

**PLEASE SERVE:**
**SAFEPOINT INSURANCE COMPANY**
Through their registered agent for service of process:
**Louisiana Secretary of State**
8585 Archives Ave.
Baton Rouge, LA 70809

9